UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSE CRUZ, individually, and on behalf of all others similarly situated,

                             Plaintiff,

    -against-

LA NUEVA SABROSURA RESTAURANT INC. d/b/a
QUE SABROSURA RESTAURANT AND BAR and
EDDY MORONTA, individually,

                             Defendants.
-----------------------------------------------------------------X

Civil Action No. 20-cv-609

**COMPLAINT**

**JURY TRIAL DEMANDED**

    Plaintiff, on behalf of himself, by his attorneys, Slater Slater Schulman LLP, respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters, the following:

### NATURE OF THE ACTION

    1.    Plaintiff worked as a cook's assistant and food runner for Defendants at their restaurant known as "Que Sabrosura Restaurant and Bar," (Hereinafter "Que Sabrosura") located in the County of Bronx, State of New York.

    2.    Plaintiff brings this action on behalf of himself, to seek redress against the Defendants for Defendants' failure to pay minimum wage, overtime wages and for failure to provide proper statements with each payment of wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

    3.    Que Sabrosura is a restaurant and bar located at 48 East 183rd Street, Bronx, New York 10453. Plaintiff worked for Defendants at Que Sabrosura as a cook's assistant and food

1

runner from in or around April 2018 through August 19, 2019. Throughout Plaintiff's employment, Plaintiff worked 8:30 a.m. and 5:00 p.m., Wednesday through Monday, for an approximate total of fifty-one (51) hours per week. Plaintiff was paid on a salary basis during his employment of $530.00 per week ($10.39 per hour). Plaintiff was paid this flat weekly salary irrespective of the number of hours Plaintiff worked per week and at no time was Plaintiff paid the required minimum wage or overtime wages. Moreover, Plaintiff received wage payment statements for only a limited number of weeks during his employment and any wage statements Plaintiff did receive falsely reflected Plaintiff as only working twenty (20) hours per week and receiving $15.00 per hour.

## PARTIES

4. Plaintiff is a resident of the County of Bronx, State of New York.

5. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

6. Defendant La Nueva Sabrosura Restaurant Inc. is a domestic corporation organized and existing under the laws of the State of New York.

7. Defendant Eddy Moronta is a resident of the State of New York.

8. Defendant Eddy Moronta was and still is the chief executive officer, president, principal, officer, director and/or manager of Defendant La Nueva Sabrosura Restaurant Inc.

9. Defendant Eddy Moronta was and still is in active control and management of Defendants La Nueva Sabrosura Restaurant Inc., acts directly and indirectly in the interest of the corporate Defendant in relation to its employees, regulates the employment of persons employed by corporate Defendant and is thus an employer of Plaintiff under the FLSA and

NYLL.

10. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

12. This Court has supplemental jurisdiction of the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a significant part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct substantial business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. Defendants are the owners and/or operators of a restaurant known as "Que Sabrosura", located at 48 East 183rd Street, Bronx, New York 10453.

15. At all relevant times, Defendants employ eighteen (18) or more workers at Que Sabrosura.

16. Plaintiff worked as a cook's assistant and food runner at Que Sabrosura at the aforesaid address from in or around April 2018 through August 19, 2019.

17. As a cook's assistant and food runner, Plaintiff's duties included without limitation, preparing dishes, bringing meals from the kitchen to customers' tables and cleaning.

18. Throughout Plaintiff's employment, Plaintiff worked from 8:30 a.m. to 5:00 p.m., Wednesday through Monday, for an approximate total of fifty-one (51) hours per week.

19. Plaintiff was paid a flat weekly salary of $330.00 per week, $10.39 per hour.

20. At all relevant times, Plaintiff was paid in cash.

21. Plaintiff was paid at the foregoing flat weekly salary irrespective of the number of hours Plaintiff worked per week and at no time was Plaintiff paid the required minimum wage rate or overtime wages for hours worked in excess of forty (40) hours per week.

22. In or around January 2019, Plaintiff began being provided with wage payment statements that falsely reflected Plaintiff working only twenty (20) hours per week and being paid at an hourly rate of $20.00 per hour.

23. At all relevant times, Defendant Eddy Moronta was and still is responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for the Plaintiff and workers at Que Sabrosura.

24. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff' employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

25. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's regulations promulgated under the FLSA and NYLL.

26. Plaintiff was required to be paid a minimum wage rate of (a) $13.00 per hour from December 31, 2017 through December 30, 2018, and (b) $15.00 per hour from December 31, 2018 through present pursuant to NYLL § 652.

27. Defendants regularly failed to pay Plaintiff the applicable minimum wage throughout Plaintiff's employment in violation of the NYLL.

28. Plaintiff was entitled to be paid at least one and one-half of Plaintiff's regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to FLSA § 207 and 12 NYCRR § 142-2.2.

29. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

30. Defendants regularly failed to pay Plaintiff overtime wages of one and one-half times Plaintiff's regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the NYLL.

31. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

32. During Plaintiff's employment, Plaintiff was not provided with proper wage statements.

33. Defendants have a pattern and practice of not paying proper wages including overtime to their employees.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage Under the NYLL*)

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

35. At all relevant times, Plaintiff was an employee and Defendants were his employers within the meaning of NYLL §§ 190, 651 and 652.

36. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

37. Pursuant to NYLL § 652 Defendants were required to pay Plaintiff a minimum wage rate of (a) $13.00 per hour from December 31, 2017 through December 30, 2018, and (b) $15.00 per hour from December 31, 2018 through present.

38. Throughout Plaintiff's employment Defendants failed to pay Plaintiff the required minimum wage in violation of NYLL § 652.

39. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

40. Defendants willfully, knowingly and intentionally failed to compensate Plaintiff the required minimum wage.

41. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

42. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

**AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime under the FLSA)*

43. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

44. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

45. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

46. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

47. At all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

48. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

49. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

50. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout their employment.

51. At no time have the Defendants paid Plaintiff a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

52. Defendants willfully, knowingly and intentionally did not, and continue not to, compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours worked in excess of forty (40) hours a week.

53. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants

all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

54. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the NYLL)*

55. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

56. At all relevant times, Plaintiff was an employee and Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

57. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

58. Pursuant to N.Y. Lab. Law § 650 *et seq.* and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

59. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

60. At no time have the Defendants paid Plaintiff a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

61. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours a week.

62. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

63. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

64. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

65. At all relevant times, Defendants failed to provide Plaintiff with the proper statements with every payment of wages, as required by N.Y. Lab. Law § 195(1).

66. As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by N.Y. Lab. Law § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every workday in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. Interest;

F. Costs and disbursements; and

G. Such other and further relief as is just and proper.

Dated: New York, New York
      January 23, 2020

                                        Respectfully submitted,
                                        SLATER SLATER SCHULMAN LLP

                                        By: *John C. Luke, Jr.*
                                        John C. Luke, Jr., Esq.
                                        *Attorneys for Plaintiff*
                                        445 Broad Hollow Road, Suite 419
                                        Melville, NY 11747
                                        (631) 420-9300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSE CRUZ,

                            Plaintiff,                   Civil Action No.

-against-

LA NUEVA SABROSURA RESTAURANT INC. D/B/A QUE    **CONSENT TO SUE**
SABROSURA and EDDY MORONTA, individually,

                            Defendants.
_____

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action. I was formerly employed by Que Sabrosura, and related entities.

_Jose Cruz_
Print Name

_Jose Cruz_
Sign Name

_1-22-2020_
Date